IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINA ALBAROUKI d/b/a K&A ELECTRONICS, LLC | : |
| | : |
| | : |
| v. | :NO. 15-03698 |
| | : |
| SENTINEL INSURANCE COMPANY LTD | : |
| | : |
| | : |
| | : |

### DEFENDANT SENTINEL INSURANCE COMPANY, LIMITED'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Sentinel Insurance Company, Limited, by and through undersigned counsel, submits this answer with affirmative defenses to plaintiff's complaint and in support thereof avers as follows:

1.  Denied.  To the contrary, Lina Albarouki is an adult individual.  Upon information and belief plaintiff was registered as a limited liability company.  As to the exact registered name of the plaintiff's business, after reasonable investigation Sentinel is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments, therefore the averments are denied and strict proof is demanded at the time of trial if deemed relevant.

2.  Admitted in part, denied in part.  It is admitted that the defendant is Sentinel Insurance Company, Limited and that it was authorized to conduct business in the Commonwealth of Pennsylvania as an insurer.  It is denied that Sentinel is a corporation.  It is admitted that Sentinel maintains a place of business located at 1 Hartford Plaza, Hartford CT 06105.

3.  Admitted in part, denied in part.  It is admitted that Sentinel Insurance Company, Limited (hereinafter "Sentinel") was authorized to conduct business in the Commonwealth of Pennsylvania as an insurer.  The averments as to Sentinel's "purpose" and that it provided "related

services" are impermissibly vague and ambiguous as to enable a response, therefore the averments are denied. It is admitted that Sentinel issued a policy of insurance to plaintiff as to the business located at 3157 Kensington Avenue, Philadelphia, PA 19134. To the extent that the averments in this paragraph state or infer that coverage existed under the policy for the averred loss, after reasonable investigation Sentinel is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments, therefore the averments are denied and strict proof is demanded at the time of trial if deemed relevant. As to the coverages contained in the policy, the policy being a writing speaks for itself and any characterizations of the policy or the coverages contained in the policy are expressly denied.

4.      Denied. The Hartford Financial Services Group, Inc. was dismissed by order of the court, therefore this averment is denied as moot.

5.      Denied. Sentinel incorporates the averments in paragraph 4 above as if fully stated at length herein.

6.      Denied. To the contrary, Sentinel issued a policy of insurance bearing number 39 SBA IQ4242 to named insured Lina Albarouki d/b/a K&A Electronics LLC with a policy period from April 28, 2013 to April 28, 2014 (hereinafter "the policy"). All averments regarding The Hartford Financial Services Group, Inc. are denied. Sentinel incorporates the averments in paragraph 4 above as if fully stated at length herein.

7.      Denied. The policy, being a writing, speaks for itself and any characterization of the policy is expressly denied. To the extent that the averments in this paragraph state or infer that coverage existed under the policy for the averred loss, after reasonable investigation Sentinel is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments, therefore the averments are denied and strict proof is demanded at the time of trial if

deemed relevant.  As to the coverages contained in the policy, the policy being a writing speaks for itself and any characterizations of the coverages contained in the policy are expressly denied.

8.      Admitted in part, denied in part.  It is admitted that the policy was in full force and effect on May 23, 2013.  The averments that the policy is "general commercial insurance" are denied as the policy, being a writing, speaks for itself and any characterization of the policy is expressly denied.  The averments that plaintiff is not in possession of the policy are denied because after reasonable investigation Sentinel is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments, therefore the averments are denied and strict proof is demanded at the time of trial if deemed relevant.

9.      Admitted, with the exception as to the averments regarding The Hartford Financial Services Group, Inc.  Sentinel incorporates the averments in paragraph 4 above as if fully stated at length herein.

10.     Admitted in part, denied in part.  It is admitted that Sentinel sent a letter acknowledging the claim.  The letter, being a writing, speaks for itself and any characterization of the letter is expressly denied.  All averments regarding The Hartford Financial Services Group, Inc. are denied.  Sentinel incorporates the averments in paragraph 4 above as if fully stated at length herein.

11.     Denied.  The letter, being a writing, speaks for itself and any characterization of the letter is expressly denied.  All averments regarding The Hartford Financial Services Group, Inc. are denied.  Sentinel incorporates the averments in paragraph 4 above as if fully stated at length herein.

12.     Denied.  After reasonable investigation Sentinel is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments, therefore the averments are denied and strict proof is demanded at the time of trial if deemed relevant.

13.     Denied. After reasonable investigation Sentinel is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments, therefore the averments are denied and strict proof is demanded at the time of trial if deemed relevant.

14.     Denied. To the contrary, the amounts were not and are not currently due because plaintiff and/or its representatives and/or its public adjuster did not cooperate and did not provide requested material information and documents regarding the claim to Sentinel. Due to plaintiff's lack of cooperation Sentinel could not complete its claims investigation. As to Sentinel's obligations under the policy, the policy, being a writing, speaks for itself and any characterization of the policy is expressly denied. All averments regarding The Hartford Financial Services Group, Inc. are denied. Sentinel incorporates the averments in paragraph 4 above as if fully stated at length herein.

## COUNT I - BREACH OF CONTRACT

15.     Denied. Sentinel incorporates the averments in paragraphs 1-14 above as if fully stated at length herein.

16.     Denied. To the contrary, plaintiff did not make repeated demands for payment and did not fully present a claim. Plaintiff and/or its representatives and/or its public adjuster did not cooperate and did not provide requested material information and documents regarding the claim to Sentinel. Plaintiff was asked on multiple occasions to provide a proof of loss, contents inventory and betterment/improvement documents. Plaintiff did not provide any of them. Due to plaintiff's lack of cooperation Sentinel could not complete its claims investigation. Sentinel did not breach the policy. All averments regarding The Hartford Financial Services Group, Inc. are denied. Sentinel incorporates the averments in paragraph 4 above as if fully stated at length herein.

17.     Denied. To the contrary, the amounts were not and are not currently due because plaintiff and/or its representatives and/or its public adjuster did not cooperate and did not provide

requested material information and documents regarding the claim to Sentinel.  Due to plaintiff's lack of cooperation Sentinel could not complete its claims investigation.  Sentinel did not conclude that all of the claimed damages were not covered.  To the contrary, due to plaintiff's lack of cooperation Sentinel could not complete its claims investigation and make a claims determination.

18.     Admitted in part, denied in part.  It is admitted that policy premiums were paid to Sentinel for the terms, provisions, declarations, coverages, exclusions, endorsements and conditions set forth in the policy.  The policy, being a writing, speaks for itself and any characterization of the policy is expressly denied.  To the extent that the averments in this paragraph state or infer that coverage existed under the policy for the averred loss, after reasonable investigation Sentinel is without sufficient knowledge or information to form a belief as to the truth or falsity of the averments, therefore the averments are denied and strict proof is demanded at the time of trial if deemed relevant.  It is denied that Sentinel failed to fulfill its obligations under the policy.  To the contrary, plaintiff and/or its representatives and/or public adjuster did not cooperate and did not provide requested material information and documents regarding the claim to Sentinel.  Due to plaintiff's lack of cooperation Sentinel could not complete its claims investigation and no payments were owed.  Sentinel did not breach the policy.  Moreover, plaintiff did not timely report the averred loss as required by the policy. All averments regarding The Hartford Financial Services Group, Inc. are denied.  Sentinel incorporates the averments in paragraph 4 above as if fully stated at length herein.

**WHEREFORE**, Sentinel demands that judgment be entered in its favor and against the plaintiff and that the court award Sentinel its costs, fees and any other relief that the court deems just and/or equitable.

## COUNT II - STATUTORY BAD FAITH

19.    Denied. Sentinel incorporates the averments in paragraphs 1-18 above as if fully stated at length herein.

20-22. Denied. To the contrary, plaintiff and/or its representatives and/or public adjuster did not cooperate and did not provide requested material information and documents regarding the claim to Sentinel.    Due to plaintiff's lack of cooperation Sentinel could not complete its claims investigation and no payments were owed. All averments regarding The Hartford Financial Services Group, Inc. are denied. Sentinel incorporates the averments in paragraph 4 above as if fully stated at length herein.

23.    Denied. To the contrary, Sentinel incorporates the averments contained in paragraph 18 above as if fully stated at length herein.

24.    Denied. Sentinel's conduct was reasonable, proper and in accord with the law. It is denied that Sentinel failed to fulfill its obligations under the policy. To the contrary, plaintiff and/or its representatives and/or public adjuster did not cooperate and did not provide requested information regarding the claim to Sentinel. Plaintiff was asked on multiple occasions to provide a proof of loss, contents inventory and betterment/improvement documents. Plaintiff did not provide any of them. Due to plaintiff's lack of cooperation Sentinel could not complete its claims investigation and no payments were owed. Moreover, plaintiff did not timely report the averred loss as required by the policy. All averments regarding The Hartford Financial Services Group, Inc. are denied. Sentinel incorporates the averments in paragraph 4 above as if fully stated at length herein.

25.    Denied. To the contrary, Sentinel did not commit bad faith. Sentinel incorporates the averments contained in paragraph 24 above as if fully stated at length herein.

**WHEREFORE**, Sentinel demands that judgment be entered in its favor and against the plaintiff and that the court award Sentinel its costs, fees and any other relief that the court deems just and/or equitable.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Sentinel incorporates by reference the averments in paragraphs 1-25 above as if fully stated at length herein.

### SECOND AFFIRMATIVE DEFENSE

Sentinel incorporates the policy including all terms, provisions, exclusions, limitations, endorsements and declarations in the policy, a true copy of which is attached hereto as Exhibit "A."

### THIRD AFFIRMATIVE DEFENSE

To the extent any punitive damages sought by plaintiff does not meet the criteria set forth by the United States Supreme Court in State Farm Mut. Auto. Ins. Co. vs. Campbell, 123 S. Ct. 1513 (2003), such an award would be violative of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to allege any conduct sufficient to permit the imposition of punitive damages under applicable law against defendant.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that any punitive damages sought by the plaintiff are not reasonably related to the amount of compensatory damages obtained by it, if any, such an award is prohibited under the due process clause of the Fourteenth Amendment of the United States Constitution.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate its damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Sentinel is not responsible for any delay caused by plaintiff, its representatives and/or its public adjuster.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is bound by the conduct of its public adjuster, agents and representatives.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and causes of action are barred and/or limited by its breaches and/or non-compliance of/with the policy, including the provisions regarding duties in the event of loss and its obligation to cooperate under the policy. Plaintiff failed to provide requested material information and documents during the claim and did not timely report the averred loss to Sentinel.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred and/or limited by the policy, including the following provisions in the policy:

3. **Duties In The Event Of Loss Or Damage**

You must see that the following are done in the event of loss of or damage to Covered Property:

*      *      *

b.      Give us prompt notice of the physical loss or physical damage. Include a description of the property involved.

c.      As soon as possible, give us description of how, when and where the physical loss or physical damage occurred.

*      *      *

e.    At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs values and amount of loss claimed.

  \*     \*     \*

h.    Send us a signed, sworn statement of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary form.

i.    Cooperate with us in the investigation or settlement of the claim.

      \*     \*

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the policy of insurance, including the following provisions in the policy:

4.    **Legal Action Against Us**

No one may bring a legal action against us under this insurance unless:

a.    There has been full compliance with all the terms of this insurance; and

\*     \*     \*

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the policy of insurance, including the following provisions in the policy:

20.    **Tenant Building and Business Personal Property Coverage - Required by Lease**

The following Additional Coverage is added:

The maximum we will pay in any one occurrence is $20,000 as a Limit of Insurance to apply to direct physical loss of or physical damage to Building and Business Personal Property for which you have a contractual responsibility to insure. This includes building fixtures, machinery and equipment.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not provided a lease which shows that it had a contractual responsibility to insure the building for wind and/or rain loss.  As such, there is no coverage for the building.

## FOURTEENTH AFFIRMATIVE DEFENSE

Despite numerous requests from Sentinel, plaintiff failed to provide an executed proof of loss, contents inventory, repair estimates/invoices and documents showing betterments and improvements.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with its obligations under the policy, including its obligations under the duties in the event of loss provision.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff reported the averred loss over two months after it occurred and its public adjuster stated that the damages were fully repaired by the time it reported the loss.  As such, Sentinel's ability to investigate the claim may have been prejudiced.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Sentinel's conduct was reasonable, proper and in accord with the law, because, among other things, plaintiff did not provide requested material information and documents regarding the loss and claim and plaintiff reported the loss in an untimely manner and after it reported that fully repaired the building.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that the date of loss was before the reported date of May 23, 2013, plaintiff's claims and causes of action are barred by the suit limitation provision contained in the policy.  That provision provides the following, in part:

4.      **Legal Action Against Us**

No one may bring a legal action against us under this insurance unless:

\*          \*          \*

b.      The action is brought within 2 years after the date on which the direct

physical loss or physical damage occurred.

    **WHEREFORE**, Sentinel demands that judgment be entered in its favor and against the

plaintiff and that the court award Sentinel its costs, fees and any other relief that the court deems just

and/or equitable.

                          BENNETT, BRICKLIN & SALTZBURG LLC


                    BY:      _/s/ Chester F. Darlington_
                             LOUIS E. BRICKLIN
Date:   8/17/15              CHESTER F. DARLINGTON
                             Pa. I.D. Nos. 20281 and 79070
                             1601 Market Street, 16th Floor
                             Philadelphia, PA 19103
                             (215) 561-4300 telephone
                             (215) 561-6661 facsimile
                             bricklin@bbs-law.com
                             darlington@bbs-law.com
                             Attorneys for defendant